## PHILP ET AL. *v.* NOCK.

In a suit by a patentee, for damages against an infringer, the plaintiff can recover only for actual damages, and he must show the damages by evidence. They cannot be left to conjecture by the jury. Where he has sought his profit in the form of a royalty paid by his licensees and there are no peculiar circumstances, the amount to be recovered will be regulated by that standard. Counsel fees cannot be included in the verdict, and an instruction which directed the jury to award to the plaintiff "such sum as they should find to be required to remunerate him for the loss sustained by the wrongful act of the defendants, *and to reimburse him for all such expenditures as have been necessarily incurred by him in*

order to establish his right," was held to be erroneous as too broad and vague, and as tending to lead the jury to suppose that it was their duty to allow counsel fees and perhaps other charges and expenditures equally inadmissible.

ERROR to the Supreme Court of the District of Columbia.

Nock brought an action in the court below against Philp and others to recover damages for the infringement of a patent granted to him by the United States for an improvement touching the lids of inkstands and the hinge whereby such lids are attached. The case came on to be tried in March, 1870, and therefore while the Patent Act of July 4th, 1836,* which in suits against infringers gives to patentees "the actual damages sustained" by them, was in force; a similar provision, however, being made in the subsequent Patent Act of July 8th, 1870.† The bill of exceptions showed that the plaintiff gave in evidence that during the term of the patent "the defendants had sold inkstands having hinges that were infringements of the plaintiff's patent, to the number of seventy-five dozen, and that the royalty which the plaintiff received for the use of his patent was at the rate of $2 per gross." The testimony being closed, the court instructed the jury as follows:

"If the jury shall find a verdict for the plaintiff under the foregoing instructions, they will award him such sum as they shall find to be required to remunerate him for the loss sustained by the wrongful act of the defendants, and *to reimburse him for all such expenditures as have been necessarily incurred by him in order to establish his right.*"

To this instruction the defendant excepted.

A verdict and judgment having been given for the plaintiff in the sum of $500 the defendants brought the case here.

*Mr. R. D. Mussey, for the plaintiff in error:*

All the injury proved was that the defendants withheld royalty to the amount of $12.50. There was no evidence of any "expenditure" by Nock, and the instruction had no

---

* 5 Stat. at Large, 123.      † 16 Id. 207.

foundation in the evidence. Its inevitable effect upon the minds of the jury was to lead them to believe they might lump counsel fees, and such other expenditures as they *inferred*, and out of them make a total. The jury followed this evident lead of the court, and returned a verdict for forty times the amount proven.

*Mr. G. W. Paschall, contra:*

The bill of exceptions does not show all the evidence in the case, but, it may be gathered that the plaintiff below proved that the defendants had infringed his right by selling seventy-five dozen inkstands. What further facts he proved is not stated.

Mr. Justice SWAYNE delivered the opinion of the court.

The measure of the damages to be recovered against infringers prescribed by the act of 1836 as well as by the act of 1870, is "the actual damages sustained by the plaintiff." Where the plaintiff has sought his profit in the form of a royalty paid by his licensees, and there are no peculiar circumstances in the case, the amount to be recovered will be regulated by that standard. If that test cannot be applied, he will be entitled to an amount which will compensate him for the injury to which he has been subjected by the piracy. In arriving at their conclusion, the profit made by the defendant and that lost by the plaintiff are among the elements which the jury may consider. Where the infringement is confined to a part of the thing sold, the recovery must be limited accordingly. It cannot be as if the entire thing were covered by the patent; or, where that is the case, as if the infringement were as large as the monopoly. Counsel fees cannot be included in the verdict. The plaintiff must show his damages by evidence. They must not be left to conjecture by the jury. They must be proved, and not guessed at.

The instruction under consideration was too broad and too vague. The jury could have hardly doubted that it was their duty to allow the counsel fees paid or to be paid by

the plaintiff, and perhaps other charges and expenditures equally inadmissible.

JUDGMENT REVERSED, and the cause remanded to the court below, with directions to issue

A VENIRE DE NOVO.