## Case No. 2,107.

### BUERK v. IMHAEUSER et al.

[14 Blatchf. 19;[1] 2 Ban. & A. 452; 10 O. G. 907.]

Circuit Court, S. D. New York. Nov. 11, 1876.

PATENTS—INFRINGEMENT—COMPUTATION OF DAMAGES.

1. By an interlocutory decree, a master was ordered to report the profits received by the defendant from making, using and selling an improvement in time detectors, patented to the plaintiff, and also the damages which the plaintiff had sustained by reason of the infringement, over and above such profits. The master reported a certain sum as such profits, and also $53.25 as damages on each one of 437 time-detectors made and sold by the defendant. The $53.25 was arrived at, by taking $75, the price

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

for which the plaintiff sold his time-detectors, and deducting therefrom $21.75, composed of $18, cost of making, and $3.75, commission paid for selling. The defendant was manufacturing under a patent, and was not a wilful infringer. It was not made to appear that those who purchased from the defendant would have purchased from the plaintiff: *Held*, that the basis adopted by the master for computing the damages was erroneous, in assuming that those who bought from the defendant would have bought from the plaintiff.

[Cited in Burdett v. Estey, 3 Fed. 570; Maier v. Brown, 17 Fed. 738; Hall v. Stern, 20 Fed. 790; Morss v. Union Form Co., 39 Fed. 471; Royer v. Shultz Belting Co., 45 Fed. 53.]

2. That it was also erroneous in including in the $53.25 the manufacturer's profit.

[Cited in Schillinger v. Gunther, Case No. 12,457.]

3. That the amount of the defendant's profits was an adequate compensation for the injury which it had been shown the plaintiff had suffered.

[Cited in Star Salt Caster Co. v. Crossman, Case No. 13,320.]

[In equity. Suit by Jacob E. Buerk against William Imhaeuser, Theodore Hahn, and Charles Keinath for infringement of letters patent No. 48,048, for an "improvement in watchman's time detectors," issued to complainant, as assignee of John Buerk, January 1, 1861, reissued August 22, 1865, and again reissued March 8, 1870, and numbered 3,869. There was a decree for an injunction, and a reference to a master to ascertain as to damages. Case No. 2,106. On the coming in of the master's report, the defendants excepted thereto, and their exceptions were sustained in part.

[For denial of defendants' motion for a new trial, see Case No. 2,107a; and, for proceedings to punish defendant Imhaeuser for a contempt in violating the injunction, see Case No. 2,108.]

John Van Santvoord, for plaintiff.
Arthur v. Briesen, for defendants.

JOHNSON, Circuit Judge. Under the interlocutory decree in this case, the master was ordered, among other things to report the gains and profits which the defendants, or either of them, had received from the manufacture, use and sale of the patented improvement of the plaintiff, and also to assess and report the damages, if any, which the plaintiff had suffered or sustained by reason of the infringement, over and above the said gains and profits. He found, and has reported, that the defendants, up to the time when Keinath left the firm, had sold 61 infringing time-detectors, with a profit, over and above the allowances he made to them for the cost and expenses, of $1,748.24; and that the subsequent sales of the other two defendants numbered 376, with a resulting profit, over and above the allowances, of $3,748.28. The master has further reported, that the damages which the plaintiff had suffered were as follows: on the 61 time-detect-

ors sold by all the defendants, $53.25 on each; and on the 376 sold by Imhaeuser & Hahn, $53.25 on each, amounting, for the latter, to the sum of $20,022.00, and for the former to the sum of $3,248.25. The defendants have excepted to the report in this particular, in due form, and contend that the master has erred in this ascertainment of damages. The method in which the master has proceeded is apparent from the report. He has ascertained from the complainant that he sells his watches at $75 each, and that they cost him about $18 each: and that, on the average, he pays $3.75 commissions for sales. These sums, deducted from $75, gives what he calls a net profit of $53.25 on each watch. This amount, multiplied by the number of watches which the defendants sold, produces the sums which the master has found as damages.

The 55th section of the patent act of July 8, 1870 [16 Stat. 206], substantially re-enacted in section 4921 of the Revised Statutes, gives to a successful plaintiff in an equity suit for an infringement, the damages which he has sustained, in addition to the profits to be accounted for by the defendants. But, it by no means follows that, in every case, such damages are in excess of the amount of profits made by the infringer. As is said by Mr. Justice Clifford, in Carew v. Boston Elastic Fabrics Co. [Case No. 2,397], if it appears that the injuries which the complainant sustained by the infringement are greater than the gains and profits realized by the defendants, then the complainant is entitled to recover compensation for the excess of the injuries sustained beyond the gains and profits received by the defendants: and yet, in that case, although the plaintiff succeeded, the court was of opinion that the recovery ought not to go beyond the gains and profits of the defendant. In the present case, the defendants were manufacturing, under a patent of the United States, the watches which are now adjudged to be an infringement of the plaintiff's patent. They were not wilful infringers, and, therefore, are not to be visited with punitive damages. It is only actual damages which are proved to have been sustained by the plaintiff that he can, in any event, recover. It is not enough that he may have suffered loss, for he cannot have compensation for conjectural losses. The losses must be proved and not guessed at. Philp v. Nock, 17 Wall. [84 U. S.] 460. It was not made to appear that the plaintiff could have sold his watches to the persons who purchased from the defendants. The watches have been adjudged to be identical in principle, but they differ in structure and appearance; and it can not be known that those who bought the infringing article would have bought the plaintiff's watches under any circumstances. The difference in structure as well as the difference in price enter into that question, and no means are afforded for determining it by the proofs. Smith v. Prior

[Case No. 13,095]; Carter v. Baker [Id. 2,472]. The inquiries suggested by those cases, as pertinent to the assessment of a plaintiff's damages, do not warrant the adoption of the result stated in the report. The damages in such a case must be confined to the direct and immediate consequences of the infringement, and not embrace those which are both remote and conjectural.

In Goodyear Dental Vulcanite Co. v. Van Antwerp [Case No. 5,600], Judge Nixon, speaking of the modes of ascertaining damages and profits, says: "In order to ascertain these, it is especially pertinent to inquire how the owner of the patent has seen fit to use his invention. He may retain a close monopoly in it, and then the damages are computed by investigating the defendant's profits, which are reckoned a fair criterion of the complainant's loss; or, he may grant license fees, allowing the benefits of his invention to every one who will pay a stipulated price for its use." In this the learned judge was but reiterating what had been said by the supreme court in granting a new trial in the case of Seymour v. McCormick, 16 How. [57 U. S.] 480. That court declared, further, that "actual damages must be actually proved, and cannot be assumed as a legal inference from any facts which amount not to actual proof of the fact. What a patentee would have made, if the infringer had not interfered with his rights, is a question of fact and not a judgment of law. The question is not what speculatively he may have lost, but what actually he did lose. It is not a judgment of law, or necessary legal inference, that, if all the manufacturers of steam engines and locomotives, who have built and sold engines wth a patented cut-off or steam-whistle, had not made such engines, therefore, all the purchasers of engines would have employed the patentee of the cut-off or whistle."

There is another error involved in this assessment of damages, and that is, that the estimated profit of the patentee embraces not only that derived from the sale of the patent privilege, but also the whole manufacturer's profit upon the materials and workmanship of the whole article. When the inventor charges a royalty or license fee, he isolates the value of the use of his invention, and, separating it from all other things, fixes its value as against himself and in favor of others. If he also makes and sells the machine in which his invention is embodied, there will enter into the price, not only the cost of materials and the ordinary profit of manufacture, but also an amount of additional profit, which is, or is the equivalent of, this license fee, and adds to the price that additional sum, as compensation for the invention. It is this price of the invention, which the inventor is entitled to recover as damages against an infringer; and, in ordinary cases. it is this only. Wanton infringement may introduce other considera-

tions, but such is the measure of damages when the case is one simply of infringement. In cases where the patent is for a distinct improvement, separable from the rest of the article, as, in the case put by the plaintiff's counsel, of a wagon with a patent pole, the rule is admitted and settled. Seymour v. McCormick, 16 How. [57 U. S.] 480; Gould's Manuf'g Co. v. Cowing [Case No. 5,642]; Mowry v. Whitney, 14 Wall. [81 U. S.] 620; American Nicholson Pavement Co. v. Elizabeth [Case No. 309]; Littlefield v. Perry, 21 Wall. [88 U. S.] 205, 228. The same principle is, I think, applicable to a case of this kind. The watch is open to the manufacture of every one; and it is common to both the plaintiff's patented article and to the infringing article of the defendants. The wrong which the case shows the plaintiff to have sustained is the use of his invention in the making by the defendants of the infringing watches. They have taken his invention and used it in making the infringing watches; and it is the value of that use, the right to which belonged to the plaintiff, that they have appropriated to themselves. For this the plaintiff is entitled to recover in damages. But this rule has been disregarded, and the case does not furnish any evidence which can either support the actual finding or form the basis for a correction in this respect by the court. The burden, in this respect, was upon the plaintiff; and as the account of the profits made by the defendants, under the evidence, charges them with all that they have made by the use of the plaintiff's invention, and does not appear to be an inadequate compensation for the injury which he is shown to have suffered, a decree upon the basis of the computation of profits contained in the report will, in my opinion, do justice between the parties.

The exception already discussed is the principal objection to the report, and covers also the third and sixth exceptions. The second exception has no foundation in the evidence or offers of the defendants. It does not appear to have been proposed to prove that the plaintiff had any license or patent fee. The offer was only to show what amount the plaintiff had recovered in another suit, which was immaterial. The fourth and fifth exceptions seem to turn upon the application of evidence by the master, and raise no question requiring examination. The seventh exception is founded on an obvious mistake of the master in determining the effect of one of the exhibits. He has, by including a column of figures not forming part of the exhibit, found that the defendants had on hand 48 infringing watches, whereas it, in fact, only showed 28 to be so on hand. It will be modified accordingly. The decree will separate the profits and damages awarded against all the defendants, $1,748.24, and those awarded against Imhaeuser & Hahn, $3,748.28, and will be with interest from the date of the master's report, February 19th, 1875. It must be settled upon notice, before being entered.

[NOTE. For affirmation of the final decree herein, see Imhaeuser v. Buerk, 101 U. S. 647. For other cases involving this patent, see note to Buerk v. Valentine, Case No. 2,109.]