## MAIER *v.* BROWN.

*(Circuit Court, E. D. Michigan.  September 18, 1883.)*

1. PATENTS FOR INVENTION—INFRINGEMENT.
    Plaintiff was the owner of a patented improvement in trunks, which consisted in covering the frame of the trunk with narrow strips of wood, laid in close proximity to each other, all around its top and sides. Defendant infringed by manufacturing and selling trunks containing the patented covering. *Held,* that plaintiff could not recover the net profits made by defendant in the manufacture and sale of the entire trunk, but was limited to such as were properly attributable to his improvement.

3. SAME—MEASURE OF DAMAGES.
    A proper method of estimating damages would be to take the profits made by the defendant upon one of these trunks, and deduct from them the profits upon an ordinary trunk of similar size and general description. The difference might be properly credited to plaintiff's invention.

In Equity.  On exceptions to master's report.

This was a bill to recover damages for the infringement of plaintiff's patent, No. 72,988, for an improvement in trunks. The invention consisted "in covering the frame of the trunk with narrow strips of wood, laid in close proximity to each other all around its top and sides." Plaintiff obtained an interlocutory decree, with reference to a master to compute the damages. In his report the master allowed the plaintiff the entire net profits made by the defendant in the manufacture and sale of 37½ dozen of trunks covered by the patent, amounting to $1,412.72. Exceptions were filed, principally upon the ground that plaintiff failed to separate the profits attributable to his patent from those arising from other parts of the trunk

*Geo. H. Lothrop,* for plaintiff.

*C. J. Hunt,* for defendant.

BROWN, J.  There is no doubt whatever of the general proposition that the patentee of an improvement is limited in his recovery to

such profits as may be properly apportioned to the use of his improvement. He can only recover profits upon the entire article when such article is wholly his own invention, or when its entire value is properly and legally attributable to the patented feature. *Seymour* v. *McCormick,* 16 How. 480; *Mowry* v. *Whitney,* 14 Wall. 620; *Littlefield* v. *Perry,* 21 Wall. 205; *Elizabeth* v. *Pavement Co.* 97 U. S. 126; *Garretson* v. *Clark,* 15 Blatchf. 70; *Zane* v. *Peck,* 13 Fed. Rep. 475; *Fitch* v. *Bragg,* 16 Fed. Rep. 243.

The difficulty is in the application of this principle. Thus, if one discovers a new composition of matter, such as gun-cotton, nitroglycerine, or vulcanized rubber, or invents some new machine, such as the telephone, or some new article of manufacture, such as barbed wire, or a new pavement, he would obviously be entitled to damages arising from the manufacture and sale of the entire article. Upon the other hand, if his invention were limited to some particular part of a large machine, such as the cut-off of an engine, the axle of a wagon, or the seat upon a mowing-machine, it is equally clear that his recovery must be limited to such profits as arise from the manufacture and sale of the patented feature. His damages, too, must be proved, and not left to conjecture; and the fact that it is impossible to separate the profits arising from the improvement from those incident to the manufacture of the whole machine, is an insufficient reason for awarding the plaintiff more than he is justly entitled to receive. *Philp* v. *Nock,* 17 Wall. 460; *Calkins* v. *Bertrand,* 8 Fed. Rep. 755; *Gould Manuf'g Co.* v. *Cowing,* 12 Blatchf. 243. In case he is unable to prove how much of the entire profit upon the machine is due to his patent, he can recover only nominal damages. *Blake* v. *Robertson,* 94 U. S. 728.

In the case under consideration the master took the view that the plaintiff was the inventor of a rustic trunk in its entirety; an article complete in itself, differing from anything else in use before, and depending for its value upon the patented feature. He accordingly allowed the plaintiff the entire net profits made by the defendant in the manufacture and sale of the infringing trunks. Herein, we think, the master was in error. The invention is described as a rustic trunk, but in fact it consisted of nothing more than attaching to an ordinary frame strips of wood laid in close proximity to each other, at right angles to the grain of the trunk, thereby increasing its strength, durability, and beauty, and diminishing to some extent the cost of its manufacture. These slats (for they were all that was claimed as new) composed but a small part of the entire trunk, and took the place only of an ordinary leather covering. There was still the frame, the lock, hinges, catches, lining, trays, boxes, and interior decorations unaffected by the patent. We are bound to infer there was a profit upon the manufacture and sale of these as well as the plaintiff's attachment. A proper method of estimating dam-

ages in such cases would be to take the profits made by the defendant upon one of these trunks, and deduct from them the profits upon an ordinary trunk of similar size and general description. The difference might be properly attributed to the plaintiff's invention. *Locomotive Safety Truck Co.* v. *Pennsylvania R. Co.* 2 FED. REP. 677.

If the profits upon plaintiff's trunks were no larger than upon an ordinary trunk, it would indicate that he had suffered no damages legally capable of estimation. It is true that defendant may have sold trunks which the plaintiff would have sold if defendant had not infringed, but the damages thereby occasioned cannot be inferred without proof. *Buerk* v. *Imhaeuser*, 2 Ban. & A. 452.

Defendant's sales may have been the result of superior energy, diligence, and business capacity, or of the accidents of trade; and we think the burden is upon the plaintiff to show that such sales were attributable to the increased value given to the trunk by his patent.

As the case now stands there must be a decree for nominal damages only, and for a perpetual injunction.