## ROYER *v.* SHULTZ BELTING CO.

*(Circuit Court, E. D. Missouri, E. D.* January 27, 1891.)

1. PATENTS FOR INVENTIONS—ACTION AT LAW—DAMAGES.
    In an action at law for infringement, actual damages only are recoverable; and although evidence is receivable in such action of profits realized by the infringer, yet the amount of such profits cannot be taken as the measure of damage, unless other evidence is offered from which it may fairly be inferred that, but for the infringement, the patentee would have realized the profits shown to have been realized by the infringer.

2. SAME—INFERENCES—EVIDENCE—NOMINAL DAMAGES.
    Where the evidence showed that the article made by the defendant by the aid of the patented device was different from that made by the patentee, and was produced by a different process, and was also of a superior quality and finish, *held,* that the court would not infer that the patentee had lost as much as the infringer had gained by the use of the invention; and *held, further,* that, in the absence of any reliable evidence showing what portion of the profits made by the infringer would have been realized by the patentee but for the infringement, the damages of the latter must be assessed at a nominal sum.

3. SAME—MARKET VALUE OF USE—ROYALTIES—LICENSE FEES.
    The market value of the use of an invention can only be taken as the measure of damage in those cases where the patentee has established such market value by granting the use of the invention to the public for prescribed royalties or license fees.

At Law.

*M. A. Wheaton, Wm. M. Eccles,* and *James O. Broadhead,* for plaintiff.
*C. H. Krum,* for defendant.

THAYER, J. This is an action at law for infringement of letters patent No. 77,920, issued to Herman and Louis Royer on May 12, 1868. It was first tried before Judge TREAT in October, 1886, and at the conclusion of the plaintiff's testimony the court directed the jury to find in favor of the defendant. *Vide* 28 Fed. Rep. 850, and 29 Fed. Rep. 281.

A writ of error having been prosecuted to the supreme court, a new trial was awarded, for reasons stated in the opinion of the supreme court. 135 U. S. 319, 10 Sup. Ct. Rep. 833. The opinion also contains a full description of the character of the invention. By consent of parties, the last trial of the cause was before the court without the intervention of a jury, and the defenses relied upon were as follows: *First,* that the patentees, Herman and Louis Royer, were not joint inventors; *second,* that the letters patent are void for want of patentable novelty; *third,* that the patent is void for want of utility; *fourth,* that the devices claimed by the patentees were in public use for more than two years before a patent was applied for; and, *fifth,* that the defendants have not infringed.

In view of the presumptions raised by the patent, the burden is on the defendant to establish the first four defenses, and I am of the opinion that it has failed to establish either of them by such satisfactory evidence as would warrant me in declaring the patent invalid.    While the device covered by the first claim is simple, yet the evidence satisfies me that it is of great utility in the manufacture of certain kinds of leather, and for that reason, among others, patentable novelty must be conceded to it.    The simplicity of a device from a mechanical stand-point, taken in connection with great utility, in some instances is the best evidence of its patentability.

I am also of the opinion that the testimony shows an infringement of the first claim of the Royer patent.    The question of damages thus becomes an important matter for consideration, and to that I address myself.

The action being at law, it must be borne in mind that the measure of recovery is not the same as in equity.    In the latter forum, by the express provisions of the statute, (section 4921,) profits made by an infringer by the use of an invention may be recovered, and, in addition thereto, compensation may be obtained for any direct injury done to the patentee that is not fully recompensed by the recovery of the profits realized by the infringer.    But at law the measure of recovery is the actual loss or damage that the plaintiff has sustained as the proximate result of the infringement.    In an action at law the question is not what the patentee may have speculatively lost, but what he actually did lose as shown by the evidence.    *Seymour* v. *McCormick*, 16 How. 480; *Philp* v. *Nock*, 17 Wall. 460; *Birdsall* v. *Coolidge*, 93 U. S. 64; *Cowin* v. *Rumsey*, 4 Fish. Pat. Cas. 275; Rob. Pat. § 1053.    In this respect no change was made by the act of July 8, 1870.    It is still true that only actual damages are recoverable in a suit at law, (*Birdsall* v. *Coolidge*, *supra*;) and whether the suit be at law or in equity, the burden is on the plaintiff to show the damages actually sustained.    The proof in that respect, as has been said, "must be clear and definite."    It must present sufficient *data* to enable a court or jury to estimate with certainty what the plaintiff has lost by the infringement, and what compensation he is entitled to.    *New York* v. *Ransom*, 23 How. 487; *Philp* v. *Nock*, *supra*; *Rude* v. *Westcott*, 130 U. S. 152, 9 Sup. Ct. Rep. 463; Rob. Pat. § 1053, and citations.

In an action at law for infringement, it is true that evidence may be given of profits made by the defendant by the use of the patented device, (*Philp* v. *Nock*, *supra*;) but such proof is merely a means to an end. Profits *eo nomine* are not recoverable in such action, and such proof is of no avail in estimating the damages, unless further evidence is produced from which the court or jury can legitimately infer, that but for the infringement, the profits realized by the infringer, or some definite portion thereof, would have been realized by the patentee.    In some instances the inference is readily drawn, especially in those cases where both parties are shown to have had equal facilities for manufacture, and the patented device is in itself a complete machine or compound, in all respects new, and the inventor has elected to realize on his invention by manu-

facturing and selling the patented machine or article; but in most other cases proof that a defendant has made large profits furnishes in itself no basis for a correct estimate of the injury sustained by the patentee. It does not follow that what the infringer has made, the patentee, as a proximate result of the infringement, has lost; and there is no presumption, either of law or fact, that the actual damage done to the patentee is commensurate with the gains of the infringer. *Seymour* v. *McCormick, supra; Dobson* v. *Carpet Co.*, 114 U. S. 439, 5 Sup. Ct. Rep. 945; *Dobson* v. *Dornan*, 118 U. S. 10, 6 Sup. Ct. Rep. 946; *Buerk* v. *Imhaeuser*, 2 Ban. & A. 452; *Bell* v. *Stamping Co.*, 32 Fed. Rep. 549; *Roemer* v. *Simon*, 31 Fed. Rep. 41; Rob. Pat. § 1062.

In the light of these principles, the evidence in the case at bar must be considered. The plaintiff's patent covers "an improved machine for converting raw hides into leather," as he describes it in his specification. There is no evidence that he granted to any one a license to use the machine during the life of the patent, or that he ever manufactured, or attempted to manufacture, the machine for sale. He appears to have made use of the invention only in his own establishment in San Francisco, to manufacture lace leather, and an article called "Fulled Rawhide Belting," which seems to have been his chief product; hence it must be assumed that he elected to profit by his monopoly by that mode of use, and not otherwise. There is no evidence in the case tending to show that plaintiff ever attempted to manufacture by means of his machine any other article than fulled rawhide belting and lace leather. By the process which he employed for that purpose, the hides used were unhaired by sweating, and, without being subjected to any tanning process, were converted into fulled rawhide or lace leather, as was desired, by the mechanical operation of the patented machine, and by working in a stuffing mixture as the operation progressed. What the stuffing mixture was is not definitely shown, further than that one ingredient was tallow; but it does appear that the hides used were not limed or tanned to any extent, and that one of the chief objects the plaintiff hoped to accomplish by the use of his invention was to produce an article out of rawhide fit for belting and lace leather without liming or tanning. The evidence shows, on the other hand, that the belting and lace leather manufactured by the defendant by the use of the infringing device differs from the plaintiff's product in a material respect, and is produced by an essentially different process, devised by the defendant's president. The hides are first unhaired by liming, and, after being bated, are subjected to a distinct tanning process of some days' duration, which gives to the finished product unmistakable tanned or leather surfaces, although there is an interior stratum of fulled rawhide. Judging both from the samples of the two products produced during the trial, and from other testimony as well, the court finds, as a matter of fact, that defendant's belting and lace leather is of a superior quality.

Another fact found by the court should also be mentioned in this connection. While the machines used by the defendant during the period of infringement to manufacture belting and lace leather embodied the

device covered by the first claim of plaintiff's patent, and possibly by his second claim, yet defendant made improvements on plaintiff's machine of such a character as rendered the machines used by defendant more convenient, and less expensive to handle, and thereby reduced to some extent the cost of production.

The only other evidence in the case that has any bearing on the question of damages is—*First*, testimony tending to show, and from which the court might approximately find, the number of hides treated by the defendant with the infringing device during the period of the infringement; and, *secondly*, testimony of the plaintiff that in his opinion the advantage realized by the use of the device amounted to as much as four, and certainly to as much as two, dollars per hide on each hide treated by the defendant. This estimate of the plaintiff appears to be based on the saving of expense for labor incident to the use of the invention. On this testimony the court is asked to allow two dollars per hide for each hide treated and sold by the defendant, and to assess plaintiff's damages at the sum of $297,760. This the court must decline to do. The saving in the cost of labor of from two to four dollars per hide, testified to by the plaintiff, (assuming his estimate to be correct,) is precisely the advantage or profit due to the operation of the patented device that the plaintiff might claim if the suit was in equity. But it does not follow, nor is it a reasonable inference under the evidence in this case, that plaintiff was damaged to the extent of two dollars per hide on each hide treated by the defendant; and it is only actual, as distinguished from speculative, damages, that are recoverable in this action. Such an inference might be justified if it appeared that during the period of infringement plaintiff possessed adequate means and facilities for supplying all the demands of his own and the defendant's customers, and if it appeared that the belting and lace leather manufactured by both parties was produced by substantially the same process, and was of substantially the same quality, and if it had been shown by the testimony of any considerable number of defendant's customers that but for the presence in the market of defendant's product they would have bought from the plaintiff. But there is no testimony of this character in the case. On the contrary, and as before stated, defendant, by a process of its own, manufactured partially tanned lace and belting leather of superior quality and finish, which no doubt had great advantages in the market over merely fulled rawhide, such as the plaintiff at all times produced. I am satisfied that by reason of its superior quality and finish there was a greater demand for defendant's product than plaintiff would have succeeded in establishing for fulled rawhide had he met with no competition; and I have no doubt that defendant made sales to a large amount that would not have been made by plaintiff under any circumstances, and that it had numerous customers who would not have become plaintiff's customers in any event. In view of these facts, the inference that plaintiff's actual loss by reason of the infringement is commensurate with defendant's gains is entirely inadmissible. There is no legal presumption to that effect, and the evidence negatives such an inference.

Nor is there any evidence that would warrant me in finding approximately what part, if any, of defendant's gains, due to the use of the infringing device, would have been realized by the plaintiff but for the infringement. Any effort in that direction would necessarily fail for want of sufficient *data* to base a finding on which I could rest with any confidence in its accuracy.

It was suggested during the trial that plaintiff was entitled to recover the market value of the use of the invention, and that the advantage that defendant was shown to have realized might be taken as establishing the market value of such use. With reference to this suggestion, it is sufficient to say that I know of no instance in which, in a suit at law, a patentee may recover as damages the market value of the use of his invention, except in those cases where, by the mode of enjoyment of the monopoly, the patentee has himself established such market value, by granting the use of the invention to the public for prescribed royalties or license fees. *Rude* v. *Westcott, supra.* This is not such a case, and besides I should not feel disposed, in a case of this character, to determine the general market value of the use of an invention solely upon an opinion expressed by the patentee as to the saving of expense effected by the use of the same.

As the case stands, therefore, the plaintiff, apparently by his neglect, has allowed the time to expire within which he could have maintained a suit in equity, and had an accounting as to the profits realized by the infringer. He appears to have been fully aware of the infringement for seven years before the suit was filed, and in the mean time his patent expired, which necessitated a suit at law. In that forum the rule is to award compensation for actual losses, and the amount of such actual loss is not ascertainable. A judgment must accordingly be entered for nominal damages, which the court assesses in the sum of six cents.