**HIGH FREQUENCY PRODUCTS, INC., Plaintiff,**

v.

**WYNN'S CLIMATE SYSTEMS, INC., Defendant.**

**No. 94–2117–CIV.**

United States District Court, S.D. Florida.

July 13, 1995.

Dennis Kainen, Miami, FL, for plaintiff.

Charles Lichtman, Plantation, FL, James Longacre, Arlington, VA, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before this Court upon cross-motions for summary judgment. Plaintiff filed a Motion for Summary Judgment on April 5, 1995. Defendant filed a response on May 2, 1995. Plaintiff filed a reply on May 24, 1995. Defendant filed a Motion for Summary Judgment on May 5, 1995. Plaintiff filed a response on May 24, 1995. The Court held pretrial conference in the above-styled case on June 16, 1995 and heard oral argument on the cross-motions for summary judgment.

### I. Factual background

Plaintiff High Frequency Products, Inc. ("HFPI") is the owner by assignment from inventor Thomas Merritt of Patent 4,903,499 ("HFPI Patent") that relates to a system for refrigerant recovery and recycling. In February 1990, HFPI exclusively licensed the HFPI Patent application and invention to Defendant Wynn's Climate Systems ("Wynn's"). Under the licensing agreement, Defendant Wynn's manufactured and sold units based upon the invention and patent in exchange for payment of royalties. Wynn's also marked the HFPI Patent number on the licensed product. The parties modified the agreement to reduce the royalty rate and change the agreement to become non-exclusive. Royalty payments continued until October 1993 when Defendant Wynn's advised Plaintiff HFPI that the final royalty payment had been made and that there were no plans to build the licensed product again.

In 1993, Defendant Wynn's marketed its own refrigeration recovery units under different tradenames. Each of these machines carried on the back a label which listed the HFPI patent number, two other patents and other pending American and foreign patents. Previous machines on which Defendant Wynn's had paid royalties carried the HFPI Patent stenciled on the front surface. On Defendant Wynn's machines, the label on which HFPI Patent appears is located in one place only: on the label placed on the lower left corner on the back of the machine. Plaintiff agrees that the patent numbers appear in the smallest typeface of 1/16th of an inch; that the only place the HFPI Patent mark appears is on the label as described above; that the shipping crates contain only general shipping information without any patent numbers; that the boxes inside the crates do not contain the numbers. Plaintiff HFPI also concedes that none of Defendant Wynn's machines use any of the art embodied in or design features of the HFPI Patent. Defendant Wynn's does not use the patent number in any promotional or other materials for their machines. The patent numbers alone give no indication of the patent holder's identity.

Defendant Wynn's authorized an employee, Fred Ptacek, Jr., to create the label at issue. Mr. Ptacek was not aware that the HFPI Patent was licensed to Wynn's. Rather, he had the impression that Wynn's owned the patent. He therefore placed the HFPI Patent number on the label in order to prevent others from wrongly using what he presumed was Wynn's patent. As soon as the marking issue was brought to Defendant Wynn's attention, Wynn's immediately replaced the label.

### II. Legal Standard

■ Summary judgment is appropriate only where it is shown that no genuine dispute as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,*

475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In ruling on the moving party's motion, the court must view the evidence in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In so doing, the court "should 'resolve all reasonable doubts about the facts in favor of the non-movant' and draw 'all justifiable inferences ... in his favor.'" *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir.1991) (alteration in original) (citation omitted).

■ Initially, the moving party bears the burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. If the movant meets its burden, the burden then shifts to the non-moving party to establish that a genuine dispute of material fact exists. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (1993), *reh'g denied*, 16 F.3d 1233 (11th Cir.1994). To meet this burden, the non-moving party must go beyond the pleadings and "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Chanel, Inc. v. Italian Activewear, Inc.*, 931 F.2d 1472, 1477 (11th Cir.1991). If the evidence relied on is such that a reasonable jury could return a verdict in favor of the non-moving party, then the Court should refuse to grant summary judgment. *Hairston*, 9 F.3d at 913. However, a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

### III. Analysis

The parties have filed cross-motions for summary judgment on all five counts of the Complaint: patent infringement, breach of contract, mismarking, unjust enrichment and breach of covenant of good faith and fair dealing.

### A. Patent Infringement

The Complaint alleges that Defendant Wynn's "has been and is presently infringing and inducing infringement of the [HFPI] patent." Compl. ¶ 13. The Complaint further alleges that Defendant Wynn's is "estopped to deny infringement because of Wynn's de-liberate marking of the '499 patent number on certain of its machines." Compl. ¶ 15. In its motion, Plaintiff HFPI asserts that it is entitled to summary judgment on Count I on two grounds: actual patent infringement and patent infringement by estoppel.

#### 1. Actual Infringement

■ Actual patent infringement occurs when one "without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor." 35 U.S.C. § 271(a). In addition, "whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b).

The Court finds that Plaintiff HFPI's infringement claim is without merit. There is no dispute that Defendant Wynn's did not manufacture a device covered by the patent, did not induce others to make such a device, did not manufacture a critical component of the patent. Defendant Wynn's machines do not use any of the art embodied in or design features of the HFPI Patent. Thus, there is no actual infringement and Defendant Wynn's is entitled to summary judgment.

#### 2. Marking Estoppel

Plaintiff HFPI's second ground for patent infringement is infringement by estoppel. Plaintiff relies on the doctrine of marking estoppel to contend that placing the HFPI Patent on Defendant Wynn's machines without authorization estops Defendant Wynn's from denying that the patent covers the machines.

■ Under the doctrine of marking estoppel, a party that marks its product with a patent number is estopped from asserting that the product is not covered by the patent. *See e.g., Crane Co. v. Aeroquip Corp.*, 364 F.Supp. 547, 560 (N.D.Ill.1973), *aff'd in part and rev'd in part on other grounds*, 504 F.2d 1086 (7th Cir.1974); *Gridiron Steel Co. v. Jones & Laughlin Steel Corp.*, 361 F.2d 791, 796–97 (6th Cir.1966); *Piaget Novelty Co. v. Headley*, 108 F. 870, 872 (2d Cir.1901).

■ The current state of marking estoppel law is unclear. The Federal Circuit has questioned the validity of the marking estop-

pel line of cases. *SmithKline Diagnostics v. Helena Laboratories Corp.*, 859 F.2d 878, 890 (Fed.Cir.1988). The Second Circuit has ruled that marking estoppel "should arise only when a consideration of all aspects of a defendant's pertinent conduct makes it inequitable for him to take a position contrary to his prior statements or actions." *Boyd v. Schildkraut Giftware Corp.*, 936 F.2d 76, 79 (2d Cir.1991). However, the "act of impermissibly placing a patent number on a product, if limited in time and quantity, does not inevitably have such adverse effects for the patentee or the consuming public as to bar the mismarker from establishing that this product does not use the patent." *Id.* The Second Circuit concluded that "deliberate mismarking of even a limited nature or inadvertent mismarking over a prolonged period would justify an estoppel." *Id.* (citations omitted).

After review of the cases and careful consideration of marking estoppel doctrine, the Court finds that the doctrine is no longer viable and is inconsistent with the provisions of Title 35. Marking estoppel is not and cannot be an independent cause of action as Plaintiff suggests. In cases where there is no actual infringement, it would be absurd to ·preclude an accused infringer from defending on grounds that the product doesn't infringe.[1] Moreover, in cases where there is infringement, the patent holder has adequate remedies under Title 35 for infringement (35 U.S.C. § 271) and for mismarking (35 U.S.C. § 292).

The Court thus concludes that Plaintiff HFPI's marking estoppel claim is without merit and summary judgment in Defendant's favor is appropriate.

## B. Breach of Contract

■ Plaintiff moves for summary judgment on the breach of contract claim. In support, Plaintiff HFPI states only that Defendant Wynn's "has had and continues to enjoy a non-exclusive license under the patent which obligates Wynn's to pay a royalty for units it sells covered by the patent."

Pl.Mem. at 16. It is uncontroverted, however, that Defendant Wynn's no longer sells Plaintiff HFPI's machines and that Defendant Wynn's machines are not covered by the HFPI Patent. Accordingly, Plaintiff HFPI's breach of contract claim fails and Defendant Wynn's is entitled to summary judgment.

## C. Mismarking

■ Count III is a claim for false marking. Title 35 U.S.C. provides in relevant part:

(a) Whoever, without the consent of the patentee, marks upon, or affixes to ... anything, made used or sold by him ... the patent number ... *with the intent* of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made or sold by or with the consent of the patentee ... shall be fined not more than $500 for every such offense.

35 U.S.C. § 292(a) (emphasis added). Intent to deceive is an essential element of a federal mismarking claim. *Brose v. Sears, Roebuck & Co.*, 455 F.2d 763 (5th Cir.1972).

■ Plaintiff recognizes that it has the burden of proving intent and argues that Defendant Wynn's deliberately placed the patent number on the machines. Specifically, Plaintiff relies on the deposition of Defendant Wynn's employee, Mr. Ptacek, who was authorized to label Defendant's machines. He admits that he intended to put the labels on the machines. However, he also states unequivocally that he placed Plaintiff's patent number on the machines only because he thought that the patent belonged to Defendant. (Ptacek Depo.). He did not think that Wynn's would gain an advantage by putting the HFPI Patent number on the labels. The Court finds that Mr. Ptacek intended to put the labels on the machine, contrary to Plaintiff's position, the Court finds that this is insufficient as a matter of law to establish that Defendant intended to counterfeit or

---

1. The preposterousness of this proposition is highlighted when marking estoppel is applied where the accused infringer's marking is inadvertent. The Second Circuit's statement that "inadvertent mismarking over a prolonged peri- od of time would justify an estoppel" runs counter to the principles and purpose of estoppel. Absent inequitable conduct and detrimental reliance, the equitable doctrine of estoppel has no place.

imitate Plaintiff HFPI's mark, or to deceive the public and induce them to believe that the machines were made or sold by or with the consent of Plaintiff. Summary judgment for Defendant is therefore appropriate on this claim.

### D. Unjust Enrichment

██ Plaintiff HFPI contends that Defendant has continued as a licensee and has unjustly retained the benefits of that license without making royalty payments due Plaintiff. In support, Plaintiff HFPI argues only that Defendant "received a significant economic benefit from its unauthorized marking and HFPI a significant detriment." Pl.Mem. at 16. Defendant Wynn's responds that Plaintiff HFPI has an adequate legal remedy (Count II, breach of contract) and that as a matter of law, Plaintiff HFPI cannot pursue an unjust enrichment claim.

Plaintiff HFPI bases its claim on the fact that Defendant Wynn's sold its own machines with Plaintiff's patent number on the back. It is undisputed that the License Agreement does not pertain to the manufacture and sale of Defendant's own machines. Thus, there is no factual basis for Plaintiff HFPI's claim. Moreover, even assuming arguendo that the License Agreement governs the dispute over Defendant Wynn's machines, Plaintiff HFPI has an adequate remedy at law—breach of contract—and cannot seek an equitable remedy. The Court finds that summary judgment for Defendant is appropriate.

### E. Breach of Covenant of Good Faith and Fair Dealing

Plaintiff seeks to recover for breach of the covenant of good faith and fair dealing. In support, Plaintiff HFPI states "Wynn's unfairly used the HFPI patent even though it told HFPI that it was not selling machines covered by its patent." Pl.Mem. at 16. Defendant argues that Plaintiff's claim must arise out of the License Agreement and not for a separate and distinct duty. The Court agrees. Plaintiff HFPI claims Defendant Wynn's breached when it failed to pay Plaintiff HFPI under the License Agreement for the sale of (Wynn's) machines that carried with the HFPI Patent number. However, Defendant Wynn's machines fall outside the scope of the License Agreement and Plaintiff

HFPI's claim necessarily fails. Furthermore, Plaintiff HFPI's only claim arising out of Defendant Wynn's alleged failure to pay would be for breach of contract under the License Agreement. The Court finds that Defendant is entitled summary judgment on this claim.

### IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED, ADJUDGED and DECREED as follows:

1. Plaintiff's Motion for Summary Judgment be, and the same is hereby, DENIED;

2. Defendant's Motion for Summary Judgment be, and the same is hereby, GRANTED;

3. Final Summary Judgment be, and the same is hereby, ENTERED in favor of Defendant and against Plaintiff. The above-styled case is hereby DISMISSED;

4. The Court retains jurisdiction to hear any motions for fees and costs that the parties may wish to file.

DONE and ORDERED.